765 F.2d 145
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LEROY JONES, DEFENDANT-APPELLANT,
v.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE.
 NO. 83-1741
 United States Court of Appeals, Sixth Circuit.
 5/29/85
 
 ON APPEAL from the United States District Court for the Eastern District of Michigan
 Before: KEITH and MARTIN, Circuit Judges; and PHILLIPS, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 Leroy Jones appeals from his conviction on a charge of aiding and abetting the interstate transportation of two stolen motor vehicles from Michigan to Indiana, in violation of 18 U.S.C. Secs. 2 and 2312. After his three co-defendants had pleaded guilty in other districts, Jones came to trial on August 4, 1983. After the close of the proof, Jones moved for a directed verdict, which was denied. The jury found him guilty. The district court sentenced him to two to three years probation with confinement at a community treatment center for up to 120 days.
 
 
 2
 Jones appeals principally on the ground that there was not sufficient evidence to support the verdict of the jury. We affirm.
 
 
 3
 The evidence showed that from July 1981 until February 1983, the Federal Bureau of Investigation conducted a project in Detroit known as 'Project Derings.' The objective was to introduce undercover agents to individuals who were involved in large scale commercial automobile theft rings. Undercover FBI agents represented themselves as corrupt employees of the Secretary of State of Michigan for the purpose of selling fraudulent Michigan certificates of title, registrations and license plates to automobile thieves.
 
 
 4
 One of the undercover agents, Joseph Finnigan, adopted the identity of 'Joe Booker,' an employee of the Michigan Secretary of State. Agent Finnigan met with a co-defendant of Jones in Indianapolis, who wanted to purchase fraudulent paperwork for automobiles which were to be brought from Michigan to Indiana. Two of these automobiles were Corvettes identified in count two of the indictment (the count which included the charge against Jones).
 
 
 5
 After having made arrangements for the purchase of the paper-work, Agent Finnigan went to an address on Stahelin Street in Detroit to deliver a license plate for one of the automobiles so that it could be transported to Indiana. Finnigan observed the defendant, a certified lock smith, at the Stahelin Street address. Finnigan handed the license plate to one of the stolen Corvettes to defendant, who walked with it toward his car. The other license plate was delivered by Agent Finnigan to an unidentified person at another address. Later in the day the two Corvettes were delivered to one of the co-defendants and his associates at the Howard Johnson Hotel in Detroit and they took the stolen Corvettes to Indiana. The two stolen Corvettes later were recovered from buyers in Indianapolis.
 
 
 6
 On January 4, 1983, Agent Finnigan telephoned the home of Jones and tape-recorded a conversation with him. Jones admitted that he repaired the two stolen Corvettes prior to their shipment out of state and that he knew they were stolen. He also stated that he was willing to do further repairs on stolen vehicles. Jones testified in court on his own behalf and contradicted some of the contents of his tape-recorded conversation.
 
 
 7
 The record contains other evidence, some circumstantial, to support the verdict of the jury, including inconsistencies in the testimony of defendant Jones.
 
 
 8
 The standard of review applicable to a challenge to the sufficiency of the evidence requires this Court to sustain the guilty verdict 'if there is substantial evidence, taking the view most favorable to the government, to support it.' Glasser v. United States, 315 U.S. 60 (1942); United States v. Wolfenbarger, 426 F.2d 992, 994 (6th Cir. 1970); United States v. Levinson, 405 F.2d 971, 985 (6th Cir. 1968), cert. denied, 395 U.S. 906, 958 (1969).
 
 
 9
 We conclude that the evidence was sufficient for the jury to conclude that Jones knew that he was repairing stolen automobiles for interstate transportation.
 
 
 10
 In the district court Jones contended that the indictment was defective in making charges involving two motor vehicles in the same count. This claim is without merit. United States v. Alsobrook, 620 F.2d 139, 142-43 (6th Cir.), cert. denied, 449 U.S. 843 (1980).
 
 
 11
 The judgment of conviction is affirmed.